**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

---

| | |
|---|---|
| NICOLE NEWSOME-GOUDEAU | CIVIL ACTION NO. 17-0909 |
| VERSUS | JUDGE ELIZABETH FOOTE |
| STATE OF LOUISIANA, ET AL. | MAGISTRATE JUDGE HORNSBY |

---

**MEMORANDUM RULING**

Before the Court is a motion to dismiss filed by Dr. William Mark Haynes ("Haynes"), the Claiborne Parish Coroner. [Record Document 24]. The parties have filed an opposition and a reply, which have been considered by the undersigned. [Record Documents 26 and 27]. For the reasons below, the motion is **GRANTED**, and all claims against Haynes are **DISMISSED WITH PREJUDICE**.

**I. Background**

Plaintiff is the widow of Terrence Goudeau ("Goudeau"), a former inmate at David Wade Correctional Center ("DWCC"). [Record Document 20 at 1, 3]. On July 12, 2016, Goudeau was found dead in his cell; Haynes then ordered an autopsy. [*Id.* at 5, 9]. Plaintiff has alleged two theories regarding Goudeau's death. First, in accordance with the autopsy, she alleges that Goudeau hanged himself. [*Id.*]. Alternately, she alleges that Goudeau's death resulted from "foul play or criminal violation" based on evidence of bruising on the body. [*Id.* at 10].

Regarding the suicide theory, Plaintiff has alleged that DWCC employees knew that Goudeau "had attempted and/or threatened to commit suicide on prior occasions" and that they breached the standard of care for suicidal inmates by placing him a cell containing "hanging

hazards." [*Id.* at 5–6]. As his surviving spouse, Plaintiff brings a wrongful death action, a survival action, and a 42 U.S.C. § 1983 claim against the State of Louisiana, the Louisiana Department of Public Safety and Corrections, DWCC (collectively, the "State Defendants"), Jerry Goodwin, DWCC's warden ("Goodwin"), and an unnamed insurance company and unnamed DWCC employees.[1] [*Id.* at 2, 7–8].

Plaintiff's allegations against Haynes arise in the context of her "foul play" theory. She alleges that Goodwin instructed Haynes to send the body to a forensic pathologist in Youngsville, Louisiana in contravention of Haynes's usual policy of sending bodies from DWCC to Little Rock, Arkansas for autopsy. [*Id.* at 9]. As a result, the autopsy report was allegedly "misleading or highly questionable . . . resulting on information and belief in a spoliation of evidence in the cause of death of Terrence Goudeau." [*Id.*]. Because Plaintiff's pleading with regard to Haynes is not entirely clear, the Court proceeds on the assumption that she has asserted a wrongful death action, a survival action, a § 1983 claim, and a tort claim arising from his duties as coroner. [*Id.* at 9–10].

## II. Law and Analysis

### A. Standard of Review

In order to survive a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

---

[1] Plaintiff identified one defendant as the "Department of Public Safety and Corrections Wade Correctional Center." [Record Document 20 at 2]. The Department of Public Safety and Corrections operates DWCC, but they are not equivalent entities. As a motion to dismiss the State Defendants is pending, the Court will not resolve the question of this defendant's identity at this time.

(2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In determining whether the plaintiff has stated a plausible claim, the court must construe the complaint in the light most favorable to her, *see In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010), and accept as true all well-pleaded factual allegations, *see Twombly*, 550 U.S. at 555; *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2009). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Thus, the Court does not have to accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005) (citing *Southland Sec. Corp. v. INSpire Ins. Sols, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)).

**B. Wrongful Death and Survival Actions**

A wrongful death action "embraces conduct that causes the death of another," while a survival action "comes into existence simultaneously with the existence of the tort." *Walls v. Am. Optical Corp.*, 98-0455, pp. 14–15 (La. 9/8/99); 740 So. 2d 1262, 1274 (first quoting *Taylor v. Giddens*, 618 So. 2d 834, 840 (La. 1993); then quoting *Callais v. Allstate Ins. Co.*, 334 So. 2d 6982, 700 (La. 1975)). Because there is no allegation that Haynes caused Goudeau's death and because Goudeau died prior to Haynes's involvement in this matter, [Record Document 20 at 5], to the extent that Plaintiff has alleged either a wrongful death action or a survival action against Haynes, she has failed to state a claim.

**C. Section 1983 Claims**

Section 1983 is violated only when a person deprives another of a constitutional or statutory right under the color of state law. 42 U.S.C. § 1983 (2012); *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999). Because a deceased person lacks constitutional rights, *Whitehurst v. Wright*, 592 F.2d 834, 840 & n.9 (5th Cir. 1979), Haynes cannot have violated Goudeau's constitutional rights. Plaintiff may also be alleging that Haynes, in his capacity as coroner, violated her rights. However, as her complaint identifies no federal constitutional or statutory right that Haynes violated, she has failed to state a § 1983 claim.

**D. Tort Claims Arising From Haynes's Duties as Coroner**

Plaintiff may be alleging that Haynes is liable to her in tort because he violated his statutory duties as coroner. [Record Document 20 at 9–10]. Haynes argues that the state statute imposing duties on coroners does not create a private right of action and that, even if it did, Haynes is shielded by the immunity provided by that statute. [Record Document 24-1 at 5–10]. In response, Plaintiff implies that her allegations of bruising on the body call the autopsy report's veracity into question. [Record Document 26 at 3–5].

**1. Louisiana Law on Coroner's Liability**

When exercising supplemental jurisdiction over state law claims, a federal court must apply the substantive law of the forum state. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) (citing *Erie R.R. Co. v. Thompkins*, 304 U.S. 64 (1938)). Louisiana law requires a coroner to view a body or conduct an investigation in cases involving, *inter alia*, "[b]odies found dead[,] . . . [d]eaths due to suspected suicide or homicide[,] . . . [d]eaths due to . . . hanging, . . . [and] [d]eaths in prison." La. Stat. Ann. § 13:5713(A)(4), (5), (9), (12) (Supp. 2018). When there

is a "reasonable probability that the violation of a criminal statute has contributed to the death," a coroner must perform an autopsy; in all other cases, the decision to order an autopsy is discretionary. *Id.* § 13:5713(B)(1). Following the investigation or autopsy, a coroner must furnish a death certificate stating the cause of death "as best he can." *Id.* § 13:5713(E)(1). If an autopsy is performed, a surviving spouse has a right to a free copy upon request. *Id.* § 13:5713(J)(1).

Louisiana law also provides coroners a limited immunity:

> L. (1) Liability shall not be imposed on an elected coroner or his support staff based upon the exercise or performance or the failure to exercise or perform their policymaking or discretionary acts when such acts are within the course and scope of their lawful powers and duties.
> (2) The provisions of Paragraph (1) of this Subsection are not applicable to any of the following:
>> (a) To acts or omissions which are not reasonably related to the legitimate governmental objective for which the policymaking or discretionary power exists; or
>> (b) To acts or omissions which constitute criminal, fraudulent, malicious, intentional, willful, outrageous, reckless, or flagrant misconduct.
>
> (3) The legislature finds and states that the purpose of this Subsection is not to reestablish any immunity based on the status of sovereignty but rather to clarify the substantive content and parameters of application of such legislatively created codal articles and laws and also to assist in the implementation of Article II of the Constitution of Louisiana.

*Id.* § 13:5713(L).

The Louisiana Supreme Court has not yet determined whether the duties imposed by La. R.S. 13:5713 run to individual members of the public for purposes of imposing tort liability. The lower courts are split. In a case heard by the Fourth Circuit Court of Appeal, the coroner allegedly misplaced a child's body that it received for autopsy, failed to conduct the autopsy, and cremated and buried the body without notifying the child's parents or informing them of the grave's location. *Simmons v. State Dep't of Children & Family Servs.*, 2015-0034, p. 2 (La. App. 4 Cir.

6/24/15); 171 So. 3d 1147, 1149. The Fourth Circuit held that these allegations stated causes of action for negligence and intentional infliction of emotional distress. *Id.* at pp. 10–12; 171 So. 3d at 1153–54; *see also Woltmann v. Preston*, No. 16-cv-6492, 2016 WL 4419131 (E.D. La. Aug. 19, 2016) (holding that allegations that a coroner refused to communicate with the plaintiff and then cremated the body before a private autopsy could be performed stated a claim sufficient to survive dismissal under Rule 12(b)(6)). Conversely, the First Circuit held that the "duty statutorily imposed upon the coroner is for the benefit of the sovereign, and not the private individual or the individual's private interests." *LeJeune v. Causey*, 93-0455 (La. App. 1 Cir. 3/11/94); 634 So. 2d 34, 37 (citing *Gavagan v. Marshall*, 33 So. 2d 862, 867 (Fla. 1948)). On this basis, the court affirmed dismissal of a coroner alleged to have negligently failed to perform an autopsy, to investigate the cause of death at the scene of an accident, and to provide the plaintiffs, the decedent's parents, "with any information concerning the circumstances surrounding the death or cause of death." *Id.* at 36–37.[2]

The Court finds *Simmons* more persuasive. As the Fourth Circuit noted, under the First Circuit's interpretation, a coroner effectively has sovereign immunity from suit, a result that runs counter to the legislature's reminder that La. R.S. 13:5713(L) does not "reestablish any immunity based on the status of sovereignty." *Simmons*, 2015-0034, p. 9; 171 So. 3d at 1153 (quoting La. Stat. Ann. § 13:5713(L)(3)). The Louisiana Supreme Court has instructed courts to avoid

[2] Haynes also directs the Court to *Sharp v. Belle Maison Nursing Home, Inc.*, 2006-1107 (La. App. 1 Cir. 3/23/07); 960 So. 2d 166. In *Sharp*, the plaintiffs alleged that the coroner breached his mandatory duty to conduct an autopsy in cases where there is a reasonable probability that criminal conduct contributed to the death. *Id.* at p. 5; 960 So. 2d at 168–69. The court then held that it was bound by *LeJeune*, which it applied without substantive analysis, and, alternatively, that the facts alleged did not trigger the mandatory duty to conduct an autopsy. *Id.* at p. 6; 960 So. 2d at 169. These alternate holdings weaken the persuasive force of this case.

"giv[ing] a statute an interpretation that makes any part superfluous or meaningless." *Succession of Boyter*, 1999-0761, p. 9 (La. 1/7/00); 756 So. 2d 1122, 1129. To avoid rendering La. R.S. 13:5713(L)(3) meaningless, the Court concludes that the immunity provision cannot be read to deprive private persons of a cause of action in tort against coroners.

Moreover, the three cases on which *LeJeune* relies do not necessarily support its holding. First, for the proposition that the "coroner's primary duty is to determine the possibility of violations of criminal law or of the existence of public health hazards in certain cases of death," the First Circuit cited *Sizemore v. West Jefferson General Hospital*. *LeJeune*, 93-0455; 634 So. 2d at 37 (citing *Sizemore v. West Jefferson Gen. Hosp.*, 260 So. 2d 800, 802 (La. App. Ct. 1972)). Although *Sizemore* held that a coroner had no duty to a survivor, Sizemore had alleged only that the autopsy report was not provided directly to him and that it was "incomplete" for purposes of assisting him in a medical malpractice claim. *Sizemore*, 260 So. 2d at 802. Because there was "nothing to prevent Sizemore from obtaining any information he desired from private medical sources after the body was turned over to him immediately following the autopsy," the appellate court affirmed dismissal for failure to state a cause of action. *Id.* Thus, *Sizemore* stands primarily for the proposition that mere disagreement with a coroner who has complied with his statutory duties is not actionable.

Second, *LeJeune* relied upon a Louisiana Supreme Court case for the proposition that Louisiana coroners "perform state functions." *LeJeune*, 93-0455; 634 So. 2d at 37 (citing *Mullins v. State*, 387 So. 2d 1151, 1153 (La. 1980)). However, the holding of *Mullins* is that coroners, like district attorneys, are state rather than parochial agents. *Mullins*, 387 So. 2d at 1154. The case does not, as the First Circuit would have it, suggest that coroners do not have a duty to members

of the public.

Finally, the First Circuit cited a Florida Supreme Court case. *LeJeune*, 93-0455; 634 So. 2d at 37 (citing *Gavagan*, 33 So. 2d at 867); *see Simmons*, 2015-0034, p. 9; 171 So. 3d at 1152–53 (criticizing the First Circuit for relying upon a Florida case decided under Florida law). Although the Florida court stated that an "inquest is for the benefit of the sovereign, and not for private interests," it did so in order to conclude that because the public pays for inquests, the state may "prescribe conditions precedent for the holding of an inquest for pay." *Gavagan*, 33 So. 2d at 867. *Gavagan* thus did not address whether a private person has a cause of action in tort against a coroner. Because the cases cited in *LeJeune* do not clearly support its holding, the Court finds that under Louisiana law, a coroner's statutory duties may give rise to a duty toward members of the public for purposes of actions sounding in tort, but that statutory immunity applies in case of negligent performance of a coroner's discretionary duties.

**2. Application of Louisiana Law**

A negligent or intentional failure to perform a statutorily mandated duty, e.g., the duty to investigate or to have an autopsy performed when required, exposes a coroner to tort liability. *See Simmons*, 2015-0034, p. 9; 171 So. 3d at 1153. Here, because Goudeau was found dead in prison, Haynes had a duty to conduct an investigation, which he satisfied by having an autopsy performed. [Record Document 20 at 9]. Therefore, Plaintiff has no cause of action under the theory adopted by the Louisiana Fourth Circuit in *Simmons*.

However, Plaintiff appears to allege that Haynes failed to properly perform one of his discretionary duties—selecting the pathologist to perform the autopsy. [*Id.*]. Specifically, she alleges that Haynes, at Goodwin's request, sent Goudeau's body to a forensic pathologist

different from the one typically used and that this pathologist produced a "misleading or highly questionable autopsy report." [*Id.*]. The only criterion for selecting a pathologist is that she be a "competent physician." La. Stat. Ann. § 13:5713(B)(1). Plaintiff has not alleged that the Youngsville pathologist was incompetent. Because the choice of a competent pathologist is clearly discretionary and within the scope of a coroner's duty to ensure that an investigation is conducted, to the extent that Plaintiff alleges that Haynes's selection was negligent, he has immunity.

To avoid the application of immunity, Plaintiff describes Haynes's choices as "intentional." [Record Document 20 at 9]. Intent for purposes of tort liability exists only where the "actor entertained a desire to bring about the consequences that followed or where the actor believed that the result was substantially certain to follow." *Bazley v. Tortorich*, 397 So. 2d 475, 481 (La. 1981). By describing Haynes's decisions as "intentional," Plaintiff appears to allege that Haynes actively desired or was substantially certain that the autopsy report produced by the Youngsville pathologist would be "misleading or highly questionable." [Record Document 20 at 9].

Even accepting as true Plaintiff's allegations of the misleading nature of the report and of Haynes's intentions, Plaintiff has not described a way in which her legal interests were invaded or compromised. *See Caudle v. Betts*, 512 So. 2d 389, 391 (La. 1987) (holding that tortious intent is an "intent to bring about a result which will invade the interests of another in a way that the law forbids"). Plaintiff's only allegation regarding the contents of the report that might affect her interests is her allegation that the autopsy report "result[ed] . . . in a spoliation of evidence in the cause of death of Terrence Goudeau." [Record Document 20 at 9]. However, a coroner

has no duty to provide a survivor with an autopsy report suitable for use in subsequent litigation. *Sizemore*, 260 So. 2d at 802. Moreover, Plaintiff has not alleged that she did not have access to the body after the autopsy was performed. *Compare id.* (affirming dismissal when plaintiff could have "obtain[ed] any information he desired from private medical sources after the body was turned over to him immediately following the autopsy") *with Woltmann*, 2016 WL 4419131, at *1–2 (denying motion to dismiss when plaintiff alleged that body was cremated "without obtaining permission thereby depriving Plaintiffs of the opportunity to have a private autopsy performed in support of the worker's compensation claim"). Therefore, Plaintiff's claim that the autopsy report resulted in a "spoliation of evidence" does not state a cause of action in intentional tort against Haynes. As Plaintiff has stated no tort claim from which Haynes is not immune, her suit against him must be dismissed.

**III. Conclusion**

In light of the foregoing, the motion to dismiss [Record Document 24] is **GRANTED**.

**IT IS ORDERED** that all claims against Haynes are **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana this 23 day of March, 2018.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE