# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### SHREVEPORT DIVISION

| | |
|---|---|
| **NICOLE NEWSOME-GOUDEAU** | **CIVIL ACTION NO. 17-0909** |
| **VERSUS** | **JUDGE ELIZABETH FOOTE** |
| **STATE OF LOUISIANA, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## MEMORANDUM RULING

This matter arises from the custodial death by apparent suicide of Plaintiff's husband, Terrence Goudeau ("Goudeau"). Before the Court is a motion to dismiss for lack of subject-matter jurisdiction filed by the State of Louisiana, the Louisiana Department of Public Safety and Corrections (the "DOC"), and David Wade Correctional Center ("DWCC") (collectively, the "State Defendants"). [Record Document 28]. Jerry Goodwin ("Goodwin"), DWCC's warden, has filed a motion to dismiss for failure to state a claim. [Record Document 30]. Because this Court lacks subject-matter jurisdiction over Plaintiff's claims against the State Defendants, it **SEVERS** those claims and **REMANDS** them to the state court; the motion to dismiss [Record Document 28] is **DENIED AS MOOT**. Goodwin's motion [Record Document 30] is **GRANTED IN PART** and **DENIED IN PART**. Goodwin's motion is **GRANTED** on Plaintiff's claims against Goodwin in his official capacity and her claims that he was subjectively deliberately indifferent in light of actual knowledge of Goudeau's condition, but **DENIED** on her state-law tort claims and her 42 U.S.C. § 1983 claim that Goodwin created a constitutionally insufficient suicide prevention policy.

# I.     Background

Goudeau was found dead in his cell at DWCC on June 12, 2016. [Record Document 20 at 5]. Plaintiff has alleged that DWCC employees knew that Goudeau "had attempted and/or threatened to commit suicide on prior occasions" and that they breached the standard of care for suicidal inmates by placing him a cell containing "hanging hazards." [*Id.* at 5–6]. As Goudeau's surviving spouse, Plaintiff brings a wrongful death action, a survival action, and a § 1983 claim against the State Defendants, Goodwin, unnamed DWCC employees, and an unnamed insurance company. [*Id.* at 2, 7–8]. Plaintiff also alleges an alternative theory that "foul play or criminal violation" caused Goudeau's death because his body was allegedly bruised when delivered to the undertaker. [*Id.* at 10].

Plaintiff filed suit in Louisiana's Second Judicial District. [Record Document 1-1 at 2]. One of the original defendants, Dr. William Mark Haynes ("Haynes"), removed the action. [Record Document 1]. The Court previously granted Haynes's motion to dismiss. [Record Documents 24 and 38].

# II.     Claims Against the State Defendants

## A.     Standard of Review

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits a party to assert that a plaintiff's complaint should be dismissed for a lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). If a court lacks either statutory or constitutional authority to hear a case, dismissal is proper under this rule. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citing *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). When evaluating subject-matter jurisdiction, courts are to accept the veracity of the facts

and accusations set forth in a complaint. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).

## B. Sovereign Immunity

The State Defendants argue that state sovereign immunity requires their dismissal. [Record Document 28 at 1]. Plaintiff's opposition fails to address sovereign immunity, which the State Defendants re-urge in their reply memorandum. [Record Documents 37 and 40].

The Eleventh Amendment bars suits in federal court against a state unless that state has consented or Congress has validly abrogated state sovereign immunity. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–99 (1984). Louisiana has not waived its sovereign immunity from suit in federal court, and § 1983 does not abrogate state sovereign immunity. *See* La. Stat. Ann. § 13:5106(A) (2012); *Champagne v. Jefferson Par. Sheriff's Off.*, 188 F.3d 312, 314 (5th Cir. 1999). (citing *Quern v. Jordan*, 440 U.S. 332, 345 (1979)). Therefore, the Court lacks subject-matter jurisdiction over Plaintiff's claim against the state of Louisiana.

Eleventh Amendment immunity extends to state agencies. *Richardson v. S. Univ.*, 118 F.3d 450, 452–53 (5th Cir. 1997) (citing *Delahoussaye v. City of New Iberia*, 937 F.2d 144, 146 (5th Cir. 1991)). Although Plaintiff has named the "Department of Public Safety and Corrections Wade Correctional Center" as a defendant, the DOC operates DWCC, but is not coextensive with it. As an arm of the state, the DOC is immune from suit in federal court. *Champagne*, 188 F.3d at 314. Because a "suit against any state correctional center would be a suit against the state," this Court also lacks jurisdiction over claims against DWCC. *Citrano v. Allen Corr. Ctr.*, 891 F. Supp. 312, 320 (W.D. La. 1995) (citing *Anderson v. Phelps*, 655 F. Supp. 560 (M.D. La. 1985); *Building Eng'g Servs. Co. v. Louisiana*, 459 F. Supp. 180 (E.D. La. 1978)).

When a district court discovers that it "lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c) (2012). This "language is mandatory, not optional." *Powers v. Colgate-Palmolive Co.*, No. 16-31021, 2016 WL 10703735, at *2 (5th Cir. Dec. 19, 2016) (per curiam); *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety."). To comply with this statutory mandate, the Court exercises its authority to sever parties or claims sua sponte, Fed. R. Civ. P. 21, and orders Plaintiff's claims against the State Defendants severed and remanded.

## III.  Claims Against Goodwin

### A.  Standard of Review

In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In determining whether a complaint states a plausible claim, a court must construe the complaint in the light most favorable to the plaintiff, *see In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 210 (5th Cir. 2010), and accept as true all well-pleaded factual allegations, *see Twombly*, 550 U.S. at 555; *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2009). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Thus, the Court does not have to accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v.*

*IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005) (citing *Southland Sec. Corp. v. INSpire Ins. Sols, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)).

**B.    Qualified Immunity**

Goodwin argues that he is entitled to qualified immunity because the complaint does not allege facts establishing either his supervisory liability or his direct involvement with Goudeau's death. [Record Document 30-1 at 5–6]. Goodwin does not address Plaintiff's state-law claims. Plaintiff does not respond to Goodwin's qualified immunity argument, asserting instead that she "stands upon the well stated AMENDED [sic] complaint which articulates several causes of action with sufficient factual detail that can't be overlooked or dismissed as insufficient." [Record Document 36 at 2]. Goodwin's reply reiterates his qualified immunity claim. [Record Document 39].

A state official may be sued in her individual or her official capacity, but may only be sued for damages in her individual capacity. *See Kentucky v. Graham*, 473 U.S. 159, 165–67, 169 (1985). As Plaintiff prays only for monetary compensation, [Record Document 20 at 10], her claim against Goodwin is in his individual capacity.

"The doctrine of qualified immunity protects government officials [sued in their individual capacities] 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). To be entitled to qualified immunity, an official who has violated a clearly established constitutional or statutory right must have done so through "conduct that was objectively reasonable under the law at the time of the incident." *Michalik v. Herman*, 422 F.3d

252, 257–58 (5th Cir. 2005). A clearly established right is one whose outline is "sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). Nevertheless, finding a right clearly established "do[es] not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011). Thus, even in "novel factual situations" a right may be clearly established if precedent gives defendants a "fair warning that their alleged treatment . . . was unconstitutional." *Hope v. Pelzer*, 536 U.S. 730, 741 (2002). A defendant's conduct is objectively unreasonable only if "*all* reasonable officials in the defendant's circumstances would have then known that the defendant's conduct violated" the plaintiff's rights. *Thompson v. Upshur Cty.*, 245 F.3d 447, 457 (5th Cir. 2001). A court may evaluate the reasonableness of an official's conduct in light of clearly established law and the existence of a statutory or constitutional violation in either order. *Pearson*, 555 U.S. at 236.

Goodwin asserts his entitlement to qualified immunity on the ground that he did not violate Goudeau's rights. [Record Documents 30-1 at 5–6 and 39 at 2]. Plaintiff has not alleged that Goodwin participated in or directly caused Goudeau's death. Therefore, Plaintiff can only prevail if Goodwin is liable in his supervisory role. Section 1983 does not impose supervisory liability under a theory of respondeat superior. *See Estate of Davis ex rel. McCully v. City of North Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005) (citing *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)). Rather, officials must have personally acted to deny a constitutional or statutory right. *Id.* (citing *Evett v. DETNTFF*, 330 F.3d 681, 689 (5th Cir. 2003); *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987)).

To establish supervisory liability, a § 1983 plaintiff can proceed under two theories. First,

she can show that a supervisor "implement[ed] a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Thompkins*, 828 F.2d at 304 (internal citations and quotation marks omitted). Alternately, she can show that the supervisor was deliberately indifferent in light of the supervisor's actual knowledge of a subordinate's constitutional violations. *See Alton v. Tex. A&M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999) (citing *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 453 (5th Cir. 1994)). This form of supervisory liability requires a plaintiff to prove that (1) "officials learned of facts or a pattern of . . . behavior by a subordinate" indicating that constitutional rights were being violated; (2) "officials demonstrated deliberate indifference . . . by failing to take action that was obviously necessary" to correct the violations; and (3) "the officials' failure caused a constitutional injury." *Id.* (citing *Doe*, 15 F.3d at 454)).

Plaintiff alleges that Goodwin failed to oversee DWCC effectively, failed to adequately train his staff to recognize suicidal behavior, failed to hire qualified employees, and failed to "have in place appropriate guidelines and procedures for suicide prevention." [Record Document 20 at 6–7]. In light of Plaintiff's burden at this early stage of litigation merely to allege a plausible set of facts, *Great Lakes Dredge*, 624 F.3d at 210 (citing *Ashcroft*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555), this Court finds that Plaintiff has stated a claim against Goodwin for crafting an inadequate suicide prevention policy. Furthermore, "the law is clearly established that jailers must take measures to prevent inmate suicides once they know of [a] suicide risk." *Hyatt v. Thomas*, 843 F.3d 172, 177–78 (5th Cir. 2016) (quoting *Hare v. City of Corinth*, 135 F.3d 320, 328–29 (5th Cir. 1998). Because Goodwin's conduct is only reasonable in light of clearly established law if he in fact adopted a suicide prevention policy, the Court cannot find at this

stage that he is entitled to qualified immunity.

To state a claim under the alternate theory of supervisory liability, Plaintiff must allege that Goodwin knew of facts indicating that DWCC employees were not adequately caring for Goudeau in light of his risk of suicide, that Goodwin was deliberately indifferent by not taking specific steps to prevent the suicide, and that the failure to do so caused Goudeau's suicide. *See Alton*, 168 F.3d at 200 (citing *Doe*, 15 F.3d at 454). Plaintiff has alleged that Goudeau had a "known propensity towards attempted suicide," [Record Document 20 at 6], but has not alleged that Goodwin had subjective knowledge of Goudeau's suicidal tendencies. Without such knowledge, Goodwin cannot have been deliberately indifferent. Plaintiff has thus failed to state a claim against Goodwin for supervisory liability under the theory that he was deliberately indifferent in light of his actual knowledge of Goudeau's circumstances.

Therefore, Goodwin's motion to dismiss is granted as to Plaintiff's claim that he is liable for failing to adequately supervise or train DWCC employees, but denied as to Plaintiff's claim that he established an insufficient suicide prevention policy. As the instant motion did not seek dismissal of Plaintiff's tort claims against Goodwin, these survive also. However, because Plaintiff has made no allegations connecting Goodwin to her alternate theory that Goudeau's death resulted from "foul play or criminal violation," [Record Document 20 at 10], her § 1983 claim against Goodwin under this theory must be dismissed.

## IV.    <u>Conclusion</u>

Because the Court lacks subject-matter jurisdiction over the claims against the State Defendants, **IT IS ORDERED** that those claims are **SEVERED** and **REMANDED** to the

Second Judicial District Court of Louisiana. The State Defendants' motion to dismiss [Record Document 28] is **DENIED AS MOOT**.

Goodwin's motion to dismiss [Record Document 30] is **GRANTED IN PART** and **DENIED IN PART**. Because Plaintiff seeks monetary damages only, the motion is **GRANTED** to the extent that it seeks dismissal of claims against Goodwin in his official capacity. It is also **GRANTED** as to Plaintiff's § 1983 claims that Goodwin was deliberately indifferent in light of his subjective awareness of Goudeau's risk of suicide and that Goodwin is liable if Goudeau's death was due to "foul play or criminal violation." These claims are **DISMISSED WITH PREJUDICE**. Goodwin's motion is **DENIED** as to Plaintiff's § 1983 claim that Goodwin established an insufficient suicide prevention policy and as to Plaintiff's state-law tort claims.

**IT IS FURTHER ORDERED** that this matter is **REFERRED** to the Magistrate Judge for a scheduling order.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this ___10th___ day of ___May_____, 2018.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE