UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| NICOLE NEWSOME-GOUDEAU | CIVIL ACTION NO.: 17-CV-00909 |
| VERSUS | JUDGE ELIZABETH FOOTE |
| STATE OF LOUISIANA, ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Now before the Court is a Motion for Summary Judgment filed by Defendant Jerry Goodwin ("Defendant"). [Record Document 58]. The motion is opposed. [Record Document 60]. For the reasons discussed below, the motion is **DENIED**. Defendant may file a subsequent motion for summary judgment in accordance with the deadlines that will be set during the upcoming status conference.

## FACTUAL BACKGROUND

This matter arises from the custodial death by apparent suicide of Terrance Goudeau ("Goudeau"), husband of Plaintiff Nicole Newsome-Goudeau ("Plaintiff"), while he was housed at David Wade Correctional Center ("DWCC"). Earlier in these proceedings Defendant, warden of DWCC, filed a motion to dismiss that was granted in part and denied in part. Record Document 41, p. 1. Plaintiff's claims against Defendant in his official capacity and her claim that Defendant was deliberately indifferent in light of actual knowledge of Goudeau's condition were dismissed. *Id.* Plaintiff's claim that Defendant created a constitutionally insufficient suicide prevention policy and her state law tort claims are still viable. *Id.* The only remaining causes of action in this case are against Defendant in his individual capacity. *Id.*

1

The Court issued a new scheduling order in this case on February 26, 2019, after both parties requested a continuance of the trial date and additional time to engage in discovery. Record Documents 51 & 55. Approximately one month after the entry of that scheduling order, on March 27, 2019, Defendant filed the instant motion for summary judgment. Record Document 58. In her opposition, Plaintiff states that she propounded discovery to Defendant just one week earlier, on March 21, 2019, and that Defendant did not answer that discovery before filing the instant motion. Record Document 60, p. 11. Plaintiff argues that "in the interest of substantial justice and fair play," the Court should extend her deadline to respond to the motion for summary judgment until after Defendant has answered her discovery requests. *Id.* at 12. In response, Defendant asserts that Plaintiff does not need the discovery she has requested in order to respond to his motion. Record Document 61, p. 3. While the instant motion for summary judgment was pending, the parties filed another joint motion to continue trial. Record Document 64. This motion was granted and a status conference with the Magistrate Judge is currently scheduled for October 11, 2019. Record Documents 65 & 68.

## **SUMMARY JUDGMENT STANDARD**

Federal Rule of Civil Procedure 56(a) directs a court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Summary judgment is appropriate when the pleadings, answers to interrogatories, admissions, depositions, and affidavits on file indicate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When the burden at trial will rest on the non-moving party, the moving party need not produce evidence to negate the elements of the non-moving party's case; rather, it need only point out the absence of supporting evidence. *See id.* at 322–23.

However, "if the movant bears the burden of proof on an issue, . . . he must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).

If the movant satisfies its initial burden of showing that there is no genuine dispute of material fact, the nonmovant must demonstrate that there is, in fact, a genuine issue for trial by going "beyond the pleadings" and "designat[ing] specific facts" for support. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Celotex*, 477 U.S. at 325). "This burden is not satisfied with some metaphysical doubt as to the material facts," by conclusory or unsubstantiated allegations, or by a mere "scintilla of evidence." *Id.* (internal quotation marks and citations omitted). However, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). While not weighing the evidence or evaluating the credibility of witnesses, courts should grant summary judgment where the critical evidence in support of the nonmovant is so "weak or tenuous" that it could not support a judgment in the nonmovant's favor. *Armstrong v. City of Dall.*, 997 F.2d 62, 67 (5th Cir. 1993).

Additionally, Local Rule 56.1 requires the movant to file a statement of material facts as to which it "contends there is no genuine issue to be tried." The opposing party must then set forth a "short and concise statement of the material facts as to which there exists a genuine issue to be tried." W.D. La. R. 56.2. All material facts set forth in the movant's statement "will be deemed admitted, for purposes of the motion, unless controverted as required by this rule." *Id.*

## ANALYSIS

In its ruling on Defendant's motion to dismiss, the Court held that Defendant was not entitled to qualified immunity from Plaintiff's claim that he created an insufficient suicide

3

prevention policy at DWCC. Record Document 41, pp. 7–8. The Court stated that Defendant's conduct could only be reasonable in light of established law if he had adopted a suicide prevention policy at DWCC. *Id.* Because motions to dismiss are filed before discovery begins, the Court had no evidence to determine whether DWCC had a suicide prevention policy in place. Therefore, Defendant could not be entitled to qualified immunity at the motion to dismiss stage. Defendant now argues that, because he has shown that a suicide prevention policy existed at DWCC at the time of Goudeau's death, he is entitled to qualified immunity from Plaintiff's claim that he created an insufficient suicide prevention policy. Record Document 58-1, p. 2.

Defendant has apparently interpreted the Court's ruling on qualified immunity at the motion to dismiss stage to mean that he is automatically entitled to qualified immunity if he can show that a suicide prevention policy existed at DWCC at the time of Goudeau's death. Record Document 58-1, p. 2. However, simply because a suicide prevention policy is *necessary* to show that Defendant's actions were reasonable in light of clearly established law does not mean that such a policy is *sufficient* to show that reasonableness. At the summary judgment stage, Defendant is tasked with showing that there is no genuine dispute as to any material fact of Plaintiff's claims. Fed. R. Civ. P. 56(a). If Defendant satisfies this burden, Plaintiff must demonstrate a genuine issue for trial by going "beyond the pleadings" and "designat[ing] specific facts" for support. *Little*, 37 F.3d at 1075 (citing *Celotex*, 477 U.S. at 325). Defendant's refusal to respond to Plaintiff's discovery requests has handicapped her ability to accomplish this task.

Federal Rule of Civil Procedure 56(d) states that:

If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

    (1) defer considering the motion or deny it;

    (2) allow time to obtain affidavits or declarations or to take discovery; or

4

(3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). The Court finds that Plaintiff has shown that she has been prevented from presenting facts essential to her opposition. Plaintiff's discovery requests seek information that could be used to show that genuine issues of material fact exist as to whether DWCC had a constitutionally sufficient suicide prevention policy in place at the time of Goudeau's death and as to whether Defendant committed any state law torts. *See* Record Document 60-3. Because Plaintiff has been prevented from presenting facts essential to her opposition, Defendant's motion for summary judgment is **DENIED**. *See id.*

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment [Record Document 58] is hereby **DENIED**.

Defendant may file a subsequent motion for summary judgment in accordance with the deadlines that will be set during the upcoming status conference.

**THUS DONE AND SIGNED** in Shreveport, Louisiana on this 4th day of October, 2019.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE